-9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 4 2001

Michael N. Milby
Clerk of Court

LUIS ANTONIO GARCES-SOTO, )
    Petitioner, )
                         )
v. )         Civil Action No. B-00-007
                         )
E.M. TROMINSKI, INS )
DISTRICT DIRECTOR, et al. )
    Respondents. )

**UNOPPOSED MOTION TO CONTINUE TO HOLD
THE INSTANT CASE IN ABEYANCE, PENDING DECISIONS
BY THE SUPREME COURT IN *ST. CYR v. INS*, No. 00-767 *AND CALCANO-MARTINEZ
v. INS*, No. 00-1011, AND BY THE FIFTH CIRCUIT
COURT OF APPEALS IN *CURIEL-SANCHEZ v. TROMINSKI*, No. 00-41239**

COMES NOW, Respondents, by and through Gregory A. Serres, United States Attorney

for the Southern District of Texas, and hereby files this unopposed motion requesting that the

Court continue to hold the instant case in abeyance pending the resolution of two cases currently

before the Supreme Court, *St. Cyr v. INS*, No. 00-767 and *Calcano-Martinez v. INS*, No. 00-

1011, and of *Curiel-Sanchez v. Trominski*, No. 00-41239. In support thereof, the parties would

show as follows:

The instant case is one of a series of Petitions for Writ of Habeas Corpus challenging

final orders of deportation issued by the Board of Immigration Appeals ("Board") under the

authority of Matter of Soriano, 21 I&N Dec. 516 (BIA 1996; A.G. 1997) holding that §440(d) of

the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which restricted eligibility for

relief from deportation under 8 U.S.C. §1182(c), applied to all cases pending when it was

enacted.  The parties designated *Cantu-Salinas, et al. v. Trominski*, C.A. B-97-183, the

Honorable Filemon B. Vela presiding, as the lead case in this series and agreed that the

conclusions reached therein by the Honorable Filemon B. Vela would extend to all the cases in

the series.

On August 26, 1998, the Honorable Filemon B. Vela signed a Memorandum Order in

*Cantu-Salinas* finding jurisdiction under 28 U.S.C. §2241 and concluding that Congress did not

intend for AEDPA §440(d) to apply to convictions occurring prior to its enactment.

Consequently, the Court remanded *Cantu-Salinas, et al.* to the Board for further proceedings on

the Petitioners' applications for 8 U.S.C. §1182(c) relief.  Thereafter, similar orders were entered

in thirty-one other cases in the series, granting the petitions for habeas corpus and remanding the

cases to the Board for further proceedings on the Petitioners' applications for 8 U.S.C. §1182(c)

relief.  The Immigration and Naturalization Service ("Service") appealed all thirty-two cases

(involving thirty-four persons).  The appeals were consolidated at the Fifth Circuit Court of

Appeals ("Fifth Circuit") as *Cantu-Salinas et al. v. Trominski, et al.*, No. 98-41325 and

consolidated cases.

On January 10, 2000, the Petitioner, Luis Antonio Garces-Soto, filed the instant petition

challenging the order of the Board, issued February 13, 1999, finding he had been convicted of

an aggravated felony and ineligible for relief.  The parties agreed that the case be held in

abeyance pending resolution of the *Cantu-Salinas* series.  The Court signed an unopposed Order

to that effect.

During the pendency of the *Cantu-Salinas* appeals, the Attorney General acquiesced in

the various Circuit Court conclusions, as a matter of statutory construction, that Congress

intended that §440(d) of AEDPA not be applied to deportation proceedings that had been

commenced before AEDPA was enacted into law. *See*, Federal Register, January 22, 2001, Vol. 66, No. 14, pp. 6436-6446, 6438. Regulations were promulgated and, on January 22, 2001, the Immigration regulations became final giving certain aliens the ability move to reopen their administrative proceedings before the Board.

The Attorney General decided to withdraw the appeals in all but two of the *Cantu-Salinas* consolidated cases. An order granting the withdrawal of those cases was entered on March 27, 2001.

The instant case is distinguishable from all of those that were consolidated before the Fifth Circuit. Although the Petitioner's conviction occurred prior to the enactment of AEDPA, proceedings were not initiated until after its enactment. There are three cases pending in other Courts, however, which may have substantial bearing on the resolution of the case at bar. They are *St. Cyr v. INS*, No. 00-767 and *Calcano-Martinez v. INS*, No. 00-1011, pending before the Supreme Court of the United States, and ***Curiel-Sanchez v. Trominski,*** No. 00-41239, pending before the Fifth Circuit.

In *St. Cyr v. INS*, 229 F.3d 406 (2nd Cir. 2000), the Second Circuit Court of Appeals held that AEDPA §440(d) did not apply to an individual who pled guilty to a conviction entered prior to its enactment and that the petitioner therein should be allowed to apply for 8 U.S.C. §1182(c) relief even though he was in removal proceedings rather than deportation proceedings. In *Calcano-Martinez v. INS*, the Court held the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3546 (Sept. 30, 1996) ("IIRIRA") had not repealed or amended 28 U.S.C. §2241 and that immigrants in removal proceedings for

whom the normal avenue of judicial review is foreclosed by means of a criminal conviction may still seek habeas review of the removal order in district court.[1]

*Curiel-Sanchez v. Trominski,* No. 00-41239, currently pending before the Fifth Circuit, urges that, notwithstanding the Court's decision in *Requena-Rodriguez v. INS*, 190 F.3d 299 (5th Cir. 1999), AEDPA §440(d) does not apply to an immigrant who pled guilty to specific criminal charges in actual reliance on the availability of 8 U.S.C. §11182(c) relief, particularly where another plea, not carrying the same draconian consequences, would have been available had it been known that the law would be changed in this manner.

Therefore, in the interests of judicial economy, it is urged that proceedings in the case at bar continue to be held in abeyance until said cases have been decided.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General
Civil Division

GREGORY A. SERRES
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
Attorney in Charge
Georgia Bar No. 590315
Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Date:   June 14, 2001                     Fax: (956) 389-7057

---

[1] These decisions are in apparent conflict with those of the Fifth Circuit *in Requena-Rodriquez v. INS*, 190 F.3d 299 (5th Cir. 1999) and *Max-George v. Reno*, 205 F.3d 194 (5th Cir. 2000).

4

## CERTIFICATE OF CONSULTATION

I hereby certify that the foregoing Unopposed Motion to Hold the Instant Case in Abeyance Pending Decisions by the Supreme Court in *St. Cyr v. INS*, No. 00-767 and *Calcano-Martinez v. INS*, No. 00-1011, and ***Curiel-Sanchez v. Trominski***, No. 00-41239 and the proposed order were discussed with opposing counsel and that opposing counsel does not have an opposition to the Motion or the Order proposed.

LISA M. PUTNAM
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel at the following address, by depositing a copy of it in the United States mail, first class postage prepaid, to:

Lisa S. Brodyaga, Esquire
Refugio Del Rio Grande
17891 Landrum Park Rd.
San Benito, TX 78586

on this the _____14th_____ day of _____June_____, 2001.

Lisa M. Putnam
Special Assistant U.S. Attorney

5